# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DWAYNE SIMMONS,<br><br>                Petitioner,<br><br>    v.<br><br>GEORGE J. GIURBINO,<br><br>                Respondent. | Case No. CV 11-2895-CAS (JEM)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

       On August 2, 2010, Carl Dwayne Simmons ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. On November 5, 2010, Petitioner filed a First Amended Petition ("FAP"). Petitioner challenges his 1996 state court conviction and sentence in Santa Barbara County Superior Court Case No. 214013 (the "1996 judgment"). On March 30, 2011, the case was transferred to this Court.

       Petitioner previously has filed at least two other federal habeas petitions challenging the 1996 judgment. For the reasons set forth more fully below, the FAP must be dismissed as an unauthorized successive habeas petition.

**PRIOR PROCEEDINGS**

On October 16, 1996, in Case No. 214013, a Santa Barbara County Superior Court jury convicted Petitioner of false imprisonment by violence (Cal. Penal Code § 236), forcible rape (Cal. Penal Code § 261(a)(2)), forcible oral copulation (Cal. Penal Code § 288a(c)), forcible sodomy (Cal. Penal Code § 286(c)), rape by a foreign object (Cal. Penal Code § 289(a)), and possession of cocaine base for sale (Cal. Health & Safety Code § 11351.5). The trial court sentenced Petitioner to fifteen years to life in state prison, plus a consecutive term of 27 years and four months. (FAP at 2; Simmons v. M.D. McDonald, C.D. Cal. Case No. CV 10-5602-CAS, First Amended Petition at 2.)[1]

Petitioner appealed the 1996 judgment, which was affirmed by the California Court of Appeal on February 17, 1998. (FAP at 3.) The California Supreme Court denied review on April 29, 1998. (Id.)

On March 12, 2009, Petitioner filed in the United States District Court for the Southern District of California a federal habeas petition in the case Simmons v. Hubbard, S.D. Cal. Case No. CV-09-523-BEN (PCL) ("Prior Federal Habeas Action"), which challenged the 1996 judgment.[2] (Simmons v. Hubbard, S.D. Cal. Case No. CV 09-523-BEN (PCL), Document # 24, Report and Recommendation ("R&R") at 1.) On June 28, 2010, the Southern District dismissed the Prior Federal Habeas Action with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). (See Simmons v. Hubbard, S.D. Cal. Case No. CV 09-523-BEN (PCL), Order Adopting R&R at 1, 3.)

---

[1] The Court takes judicial notice of the court files and records in other federal habeas actions filed by Petitioner, including Carl Dwayne Simmons v. M.D. McDonald, C.D. Cal. Case No. CV 10-5602-CAS (JEM), Carl Simmons v. Suzan L. Hubbard, S.D. Cal. Case No. CV 09-523-BEN-PCL, and Carl Dwayne Simmons v. A.A. LaMarque, C.D. Cal. Case No. CV 00-4400-LGB (EE).

[2] On April 26, 2000, Petitioner filed a habeas petition in this Court in the case entitled Simmons v. LaMarque, C.D. Cal. Case No. CV 00-4400-LGB (EE). This petition was dismissed without prejudice on May 31, 2000, for failure to exhaust state remedies. (FAP at 7 and Exhibit H, Memorandum and Order Dismissing Petition for Writ of Habeas Corpus, filed May 31, 2000, in Simmons v. LaMarque, C.D. Cal. Case No. CV 00-4400-LGB (EE) at 1-2.)

On July 28, 2010, Petitioner filed in this Court a federal habeas petition in the case Simmons v. McDonald, C.D. Cal. Case No. CV 10-5602-CAS (JEM), which challenged the 1996 judgment. Petitioner filed a First Amended Petition on November 4, 2010. (Simmons v. McDonald, C.D. Cal. Case No. CV 10-5602-CAS (JEM), First Amended Petition at 2.) On November 9, 2010, the Court issued an Order Summarily Dismissing Successive Petition for Writ of Habeas Corpus and terminated the case.

On August 2, 2010, Petitioner filed this action in the Eastern District of California. On November 5, 2010, he filed the FAP. Petitioner again challenges the 1996 judgment. On March 30, 2011, the case was transferred to this Court.

## DISCUSSION

### I. Duty to Screen

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

### II. Successive Petition

The FAP must be dismissed as a successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The FAP challenges the same 1996 judgment that Petitioner challenged in the Prior Federal Habeas Action. The Southern District of California dismissed the Prior Federal Habeas Action with prejudice. Petitioner's federal habeas petition in Simmons v. McDonald, C.D. Cal. Case No. CV 10-5602-CAS (JEM), was dismissed summarily on November 9, 2010, as an unauthorized successive petition.

Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider his claims prior to filing this case. Because he did not do so, this Court is without jurisdiction to entertain the FAP. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

///
///
///
///
///
///
///
///
///

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that this action be DISMISSED without prejudice to Petitioner filing a new petition if he obtains the necessary authorization from the Ninth Circuit.

DATED: April 18, 2011

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ John E. McDermott*
John E. McDermott
United States Magistrate Judge